IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JAMES WINDING                                                                 PLAINTIFF

VS.                                             CIVIL ACTION NO. 4:12cv8-FKB

MAJOR B. MIZA                                                    DEFENDANT

## MEMORANDUM & OPINION

James C. Winding is a state prisoner incarcerated at East Mississippi Correctional Facility (EMCF). He brought this action pursuant to § 1983 alleging that a prison officer violated his rights on January 7, 2012, by pointing a high-powered paint ball gun at him and threatening to shoot. A *Spears*[1] hearing has been held, and the parties have consented to jurisdiction by the undersigned.

The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust administrative remedies before bringing an action with respect to prison conditions. 42 U.S.C. § 1997(e). The PLRA's exhaustion requirement is mandatory and "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). In his testimony at the *Spears* hearing, Plaintiff admitted that he has failed to complete EMCF's Administrative Remedies Program (ARP) process for this claim. He stated that although he has filed an ARP grievance based upon this incident, that grievance remains in "backlog" because of the number of pending grievances filed by him.

Dismissal is appropriate where an inmate has failed to meet the exhaustion

---

[1] *See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

requirement. *Alexander v. Tippah Cnty., Miss.*, 351 F.3d 626, 630 (5th Cir. 2003). For this reason, this action is dismissed without prejudice so that Plaintiff may be pursue his administrative remedies. A separate judgment will be entered.

SO ORDERED this the 5th day of June, 2012.

/s/ F. Keith Ball

_____
UNITED STATES MAGISTRATE JUDGE